# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MOHAMED NUREIN,

          Petitioner,    :    Case No. 2:23-cv-3936

  - vs -                          District Judge Edmund A. Sargus, Jr.
                                    Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden,
  Noble Correctional Institution,

                                    :

          Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case, brought *pro se* by Petitioner Mohamed Nurein, is before the Court on Petitioner's Objections (ECF No. 13) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (ECF No. 10). District Judge Sargus has recommitted the case for consideration of the Objections (ECF No. 14).

      Instead of objecting to particular points of law made in the Report, Petitioner spends most of his Objections railing against the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), accusing the United States of hypocrisy, and the undersigned of legal duplicity. Nurein himself is imprisoned in this case for felonious assault by firearms on his ex-wife and two of his children. In a separate case in Franklin County he was convicted of illegal possession of firearms and drug trafficking and imprisoned after a negotiated guilty plea. *State v. Nurein,* Case No. 20-CR-005386. His repeated complaint in his Petition is

1

the admission against him of his son's recorded statement because he claims he was not the shooter. He offers no explanation of the cruiser cam video of himself licking his hand after being told the police would conduct a gunshot residue test.

Self-righteous denunciation of the American legal system is not a substitute for specific objections to a Magistrate Judge's report. Nothing in Petitioner's Objections persuades the undersigned of any error in the Report's analysis. Petitioner procedurally defaulted his claims regarding admission of his son's recorded statement when his trial attorney did not object. Petitioner has cited no Supreme Court authority to show that holding is an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Indeed Petitioner has cited no case authority at all.

Based on the analysis in the original Report, the Magistrate Judge again recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 25, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
