IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

MOHAMED NUREIN,

        Petitioner,  :  Case No. 2:23-cv-3936

- vs -        District Judge Edmund A. Sargus, Jr.
        Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden,
  Noble Correctional Institution,

        :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Mohamed Nurein, is before the Court on Petitioner's Objections (ECF No. 13) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (ECF No. 10) and his further Objections (ECF No. 16) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 15) reaching the same conclusion after recommittal. As required by 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), the Court has reviewed the Reports *de novo* with particular attention to Petitioner's Objections.

**Grounds One, Two, and Three**

Petitioner's first three grounds for relief claim he was denied his rights under the Confrontation Clause by the trial court's allowing the jury to see a recorded statement of

1

Petitioner's son, K.A., identifying Nurein as the person who shot into his ex-wife's house. The Ohio Third District Court of Appeals reviewed the relevant assignment of error on a plain error basis because Nurein's trial attorney had not objected[1]. *State v. Nurein*, 2022-Ohio-1711, ¶¶ 23-35 (Ohio App. 3d Dist. May 23, 2022). The Magistrate Judge noted that, under Sixth Circuit law, plain error review is an enforcement of the procedural default in the trial court. (Report, ECF No. 10, PageID 927, citing *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

Nurein attempted to excuse this default by claiming it constituted ineffective assistance of trial counsel to fail to object. The Third District Court of Appeals rejected this excuse. Applying the governing standard for ineffective assistance of trial counsel claims from *Strickland v. Washington,* 466 U.S. 668 (1984), it found there was no prejudice to Nurein because there was a great deal of circumstantial evidence corroborating his identity as the shooter. *Nurein, supra*, at ¶ 34. The Magistrate Judge concluded that this was an objectively reasonable application of *Strickland* and therefore entitled to deference under 28 U.S.C. § 2254(d)(1)(Report, ECF No. 10, PageID 928-29). Petitioner claims the Third District decided these claims on the merits, but that misreads the Third District's decision which reviewed the trial court only for "plain error."

In his Objections, Nurein makes no rebuttal of the circumstantial evidence except to claim that the decision that it is probative is an unreasonable decision based on the evidence. An

---

[1] Nurein complains that "the Magistrate should be required to point to specific "state procedural rules that were not complied with" in order to yank the Habeas rug from under the Petitioner's feet." (Objections, ECF No. 16, PageID 968). However, the Report does point to a specific procedural rule that was not complied with – the contemporaneous objection rule. The Report also (1) cites cases holding that this is a procedural rule in Ohio, (2) notes that the Third District applied the rule in this case, and (3) cites Sixth Circuit law holding that the contemporaneous objection rule is an adequate and independent basis for finding procedural default.

inference of consciousness of guilt from licking one's hands upon being told a gunshot residue test will be performed does not strike the Court as unreasonable.

**Ground Four**

In his Fourth Ground for Relief, Petitioner claims he was denied due process of law when, at the State's request, the trial court called his ex-wife, whose residence was the target of the shooting, as a court witness and permitted the prosecutor to ask her leading questions.

The Magistrate Judge found this claim was presented to the Third District Court of Appeals only as an Ohio evidence law question, that it was consequently not "fairly presented" as a federal constitutional claim, and that it was therefore procedurally defaulted. Petitioner's objection is essentially that the procedural default doctrine cannot be used to excuse a trial court's "interference" with a defendant's presentation of a defense (Objections, ECF No. 16, PageID 972). He cites no Supreme Court decision supporting this proposition. Instead he claims his ex-wife was prepared to testify in his favor, but he presents no evidence to this effect. In particular the Court notes that he never filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 in which he could have presented proof of her willingness to testify for him in support of this constitutional claim. Nurein objects rhetorically "How could a *pro se* layman even know this is possible?" (ECF No. 16, PageID 973). The answer is that dozens, perhaps hundreds, of incarcerated persons without counsel do so in cases coming to this Court every year.

**Ground Five**

In his Fifth Ground for Relief, Petitioner claims the trial court denied him due process preventing him from presenting a complete defense by cutting off his counsel's cross-examination of K.A. and Zahra which was intended to advance his theory that Riann, his ex-wife's current boyfriend, was the actual offender. The Report noted that this claim was presented to the Third District as a federal constitutional claim and decided by that court on the merits (ECF No. 10, PageID 935). Given that posture of the issue, the Magistrate Judge held Nurein was obliged to show that decision was an unreasonable application of a holding of the United States Supreme Court. *Id.* at PageID 940. The only case cited by Petitioner was *Faretta v. California,* 422 U.S. 806 (1975), where the holding was that a criminal defendant has the right to proceed *pro se* rather than with counsel. The Report correctly concluded *Faretta* was inapposite[2]. Petitioner made no response in his first set of Objections. In his second set he relies on *United States v. Scheffer*, 523 U.S. 303 (1998), where the Supreme Court held state courts could impose reasonable restrictions on the introduction of evidence in support of a defense (ECF No. 16, PageID 974). The Third District relied on Ohio Supreme Court precedent limiting "alternative suspect" evidence. *Nurein, supra,* ¶¶ 42-43. The offense on trial occurred in February, 2021. Petitioner's counsel began to inquire about an event occurring the prior September, but could not show any continuing assaultive conduct by the proposed alternative suspect. On that basis the cross-examination was halted. Petitioner offers no argument as to why precluding evidence of a relatively remote incident was unreasonable.

---

[2] Petitioner quarrels with this conclusion, noting *Faretta* recognizes that a criminal defense belongs to the defendant, not his attorney. But he does not accuse his attorney of not presenting the defense Nurein wanted presented. His quarrel in this Ground for Relief is with the trial court and Third District, not his own attorney.

**Grounds Six and Seven**

In his Sixth and Seventh Grounds for Relief, Petitioner claims he received ineffective assistance of trial counsel when his attorney did not object to the submission of K.A.'s recorded statement to the jury and its being sent to the jury for deliberations, as well as failing to proffer the testimony Zahra would have given about Riann. The Report concluded the Third District's decision of the Sixth Ground by finding no prejudice was a reasonable application of *Strickland* and Nurein had never proffered what Zahra's testimony would have been. The Court agrees that the Third District's application of *Strickland* was reasonable and Petitioner has procedurally defaulted on the Seventh Ground by never proffering Zahra's intended testimony.

**Conclusion**

Having reviewed both Reports *de novo* in light of both sets of Objections, the Court adopts the Reports and overrules Petitioner's Objections. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 4, 2024

s/Edmund A. Sargus, Jr.
Edmund A. Sargus, Jr.
United States District Judge
